IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SCOTT GUIDRY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, et al.,<br><br>Defendants.<br><br>GOLDEN GATE NATIONAL PARKS CONSERVANCY,<br><br>Cross-Claimant,<br><br>v.<br><br>ALCATRAZ CRUISES, LLC<br><br>Cross-Defendant. | Case No.: 12-cv-5639 JSC<br><br>**ORDER GRANTING MOTION TO DISMISS (Dkt. No. 73)** |

Now pending before the Court is Defendant/Cross-Defendant Alcatraz Cruises, LLC's ("Alcatraz") motion to dismiss Defendant/Cross-Claimant Golden Gate Park Conservancy's ("GGNPC") third claim for relief. (Dkt. No. 73.) After carefully considering the parties'

submissions, and having had the benefit of oral argument on February 6, 2014, the Court GRANTS the motion with prejudice.

GGNPC and Alcatraz are co-defendants, each being sued by Brian Scott Guidry and Peggy Kuykendall ("Plaintiffs") for alleged injuries that the Plaintiffs suffered while riding a tram on Alcatraz Island. GGNPC cross-claimed against Alcatraz on numerous theories, including a strict products liability claim for relief because an alleged defect in the design and manufacture of the tram caused GGNPC to incur legal costs in defending against the Plaintiffs' claims. Alcatraz moves to dismiss GGNPC's strict products liability claim on the ground that GGNPC has not and cannot allege that it suffered physical injury to person or property as a result of the accident.

## LEGAL STANDARD

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citation and internal quotation marks omitted). Similarly, the Court may dismiss a complaint as a matter of law for "lack of a cognizable legal theory." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

"[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir.2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663–64.

## DISCUSSION

In a strict products liability claim for relief, a defendant's liability is limited to a defect that causes physical injury to person or property. *Seely v. White Motor Co.*, 63 Cal. 2d 9, 18-19 (1963).

GGNPC alleges that the legal costs arising from its defense of the Plaintiffs' claims and pursuit of the cross-claim are damages caused by Alcatraz's defective design and manufacture of the tram. (Dkt. No. 66.) However, GGNPC does not explain how those legal costs can be characterized as physical injury to person or property or cite any authority to support such a result. Because GGNPC does not allege a cognizable legal injury that would support strict liability, its third claim for relief fails as a matter of law.

If the Court concludes that a Rule 12(b)(6) motion to dismiss should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal citations and quotation marks omitted). As legal costs are not physical injury to person or property as a matter of law, the deficiency in GGNPC's claim cannot be cured and thus must be dismissed with prejudice.

## CONCLUSION

For the reasons stated, the Court GRANTS Cross-Defendant's motion to dismiss Cross-Claimant's third claim for relief with prejudice.

**IT IS SO ORDERED.**

Dated: February 7, 2014

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE