United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SCOTT GUIDRY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, et al.,<br><br>Defendants. | Case No.: 12-cv-5639 JSC<br><br>**ORDER: DENYING ALCATRAZ CRUISES, LLC'S RENEWED MOTION FOR SUMMARY ADJUDICATION (Dkt. No. 84)** |
| ALCATRAZ CRUISES, LLC<br><br>Cross-Claimant,<br><br>v.<br><br>GOLDEN GATE NATIONAL PARKS CONSERVANCY,<br><br>Cross-Defendant. | |

This tort action arises from alleged injuries suffered by Brian Scott Guidry and Peggy Kuykendall ("Plaintiffs") while riding a tram on Alcatraz Island. Now pending before the Court is the renewed motion of Defendant/Cross-Claimant Alcatraz Cruises, LLC ("Alcatraz") for partial

summary adjudication ("Renewed Motion") on its breach of contract cross-claim against Defendant Golden Gate National Parks Conservancy ("the Conservancy"). (Dkt. No. 84.) After carefully considering the parties' submissions, and having had the benefit of oral argument on February 6, 2014, the Court DENIES the motion without prejudice.

## BACKGROUND

The Conservancy and Alcatraz are co-defendants. Alcatraz sued the Conservancy based on the Conservancy's breach of the Visitor Services Agreement ("VSA"), which obligated the Conservancy to name Alcatraz as an additional insured party under the Conservancy's insurance policy. The VSA did not name a particular insurer or policy, but the Conservancy carries an insurance policy with Chubb Group of Insurance Policies ("Chubb"). Contrary to the plain terms of the VSA, Alcatraz was not named as an additional insured on the Conservancy's Chubb Policy. Thus, when Alcatraz tendered its claim to Chubb, Chubb denied coverage because Alcatraz was not a named insured. As indicated by the record, all of Alcatraz's legal costs have been paid under a policy issued by its own insurer, American International Group ("AIG"), and underwritten by National Union Fire Insurance Company.

In October 2013 Alcatraz filed its initial motion for summary adjudication ("initial motion") against the Conservancy to recoup legal costs caused by the Conservancy's breach of the VSA's additional insured clause. (Dkt. No. 44.) A month later, the parties appeared before the Court for a hearing on the initial motion. At the hearing, the Court determined that Alcatraz could not claim AIG's legal costs as damages for breach of contract as long as Alcatraz's insurer was not a party to this action. The Court subsequently denied Alcatraz's initial motion for the reasons stated at the hearing, but granted Alcatraz leave to amend. (Dkt. No. 65.) Although AIG has since filed its own case against the Conservancy, and that case is now related to this action, AIG has not moved to intervene in this action or otherwise become a party to this action.

## LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of producing evidence negating an essential element of each claim on which it seeks

judgment or showing that the nonmoving party cannot produce evidence sufficient to satisfy its burden of proof at trial. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). "[T]he inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Once the moving party meets its burden, the nonmoving party must show that a material factual dispute exists. *California v. Campbell*, 138 F.3d 772, 780 (9th Cir. 1998). If the nonmoving party fails to do so, "the moving party wins the motion for summary judgment." *Nissan Fire*, 210 F.3d at 1103. "But if the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion." *Id.*

## DISCUSSION

### A.   Breach of Contract

Alcatraz renews its motion for partial summary judgment on its breach of contract claim against the Conservancy. In particular, it seeks a ruling that the Conservancy breached its VSA obligation to name Alcatraz as an additional insured and therefore is liable to Alcatraz for Alcatraz's legal fees, costs and damages incurred in this action to the extent the Conservancy's insurer—Chubb—would have covered those costs if Alcatraz had been named as an additional insured.

"[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). The first three elements of this claim are not in dispute: (1) the VSA was a contract under which (2) Alcatraz performed its obligations and (3) the Conservancy breached by not naming Alcatraz as an additional insured. However, with respect to the fourth element, damages, the Renewed Motion presents the Court with the same problem that existed at the hearing three months ago: Alcatraz is seeking relief for damages that it has not incurred. At oral argument Alcatraz claimed that it paid a $5000 deductible, but the record does not reflect any such payment and Alcatraz had not previously relied on its deductible to support its damages claim. Rather, the damages reflected in the record belong to AIG, which has paid all of Alcatraz's costs and is not a party to this claim in this lawsuit. Alcatraz

3

thus has not satisfied the damages element, a necessary element of a breach of contract claim. *See Patent Scaffolding v. William Simpson Constr. Co.*, 256 Cal. App. 2d 506, 511 (1967) ("A breach of contract without damage is not actionable."); *see also Bramalea Cal., Inc. v. Reliable Interiors, Inc.*, 119 Cal. App. 4th 468, 473 (2004) (same). In *Patent Scaffolding*, a subcontractor's equipment was destroyed in a fire, which was fully compensated by the subcontractor's insurer. *Id.* at 508. Although the contractor had failed to name the subcontractor as an additional insured, the court held that because the insurer fully compensated the subcontractor for the loss from the fire, the subcontractor had no damage and therefore could not state a claim for breach of contract against the contractor. *Id.* at 511. Under *Patent Scaffolding*, Alcatraz cannot itself recover for losses that were covered by its own insurer.

That Alcatraz is insured, however, does not mean that the Conservancy is necessarily off the hook for its breach of its agreement to add Alcatraz as an additional insured. An insured's inability to show damages does not defeat an insurer's equitable subrogation claim. *Interstate Fire and Cas. Ins. Co. v. Cleveland Wrecking Co.*, 182 Cal. App. 4th 23, 35 (2010). Alcatraz thus contends that the Court may decide its motion in its favor because (1) AIG has asserted an interest in the matter through its complaint filed in the related case, and (2) AIG is actually bringing the breach of contract action claim in this action in the name of its insured, Alcatraz.

The technical problem with the first argument is that while AIG's new action has been related, the pending motion was brought by Alcatraz in this action. (Case No. 12-cv-5639-JSC, Dkt. No. 84.) While the motion certainly evinces AIG's interest in this matter, Alcatraz does not cite any authority to support its implicit assertion that the existence of AIG's separate action somehow means that *Alcatraz's* claim can now be adjudicated. As for the second argument, it is just that—argument— raised for the first time at the hearing on the motion. There is nothing in the record that supports Alcatraz's assertion that on its cross-claim against the Conservancy it is actually asserting the subrogation rights of AIG, that is, that it is actually AIG suing in the name of its insured. While the Court recognizes that insurers and insureds may proceed in this matter, *see, e.g., Patent Scaffolding*, 256 Cal. App. 2d at 507 (reciting that the insurers brought the action in the name of the insureds), in this case the Conservancy has made a specific objection and thus the Court is compelled to follow the

4

technical rules. In order to avoid the need for any further motion practice, however, Alcatraz and the Conservancy shall meet and confer as to how AIG may assert its subrogation and/or contribution rights in this action and are encouraged to submit a stipulation to that effect. If necessary, the Court will further discuss the issue with the parties at the March 6, 2014 case management conference.

### B. Equitable Subrogation

All that being said, the question remains whether through a claim for equitable subrogation AIG can seek damages from the Conservancy for the Conservancy's breach of its agreement to name Alcatraz as an additional insured. It can. "Subrogation is defined as the substitution of another person in place of the creditor or claimant to whose rights he or she succeeds in relation to the debt or claim." *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 65 Cal. App. 4th 1279, 1291 (1998). "In the case of insurance, subrogation takes the form of an insurer's right to be put in the position of the insured in order to pursue recovery from third parties legally responsible to the insured for a loss which the insurer has both insured and paid." *Id.* at 1291-92.

"The most common subrogation action is one brought on behalf of an insurer against a wrongdoer whose wrong caused the loss." *Patent Scaffolding*, 256 Cal. App. 2d at 511-12. Thus, separate and apart from the Conservancy's breach of the additional insured requirement, AIG could bring an action against the Conservancy if it believed the Conservancy's conduct was a cause of the accident that led to the lawsuit against Alcatraz. On its motion, however, Alcatraz (AIG) is not claiming that the record supports a finding as a matter of law that the Conservancy's negligence caused the accident (and thus AIG's damages). Instead, it is claiming that AIG's loss was caused by the Conservancy's failure to name Alcatraz as an additional insured. *Patent Scaffolding*, however, defeats such a claim. There the court held that because the insurer's loss was caused by the fire, "the very risk" which it had assumed, and the contractor's failure to name the subcontractor as an additional insured "had nothing to do with the fire," the insurer could not pursue a claim for equitable subrogation against the contractor. *Id.* at 512. The court thus concluded:

> Where two parties are contractually bound by independent contracts to indemnify the same person for the same loss, the payment by one of them to his indemnitee does not create in him equities superior to the nonpaying indemnitor, justifying subrogation, if the latter did not cause or participate in causing the loss.

*Id.* at 514. Thus, AIG does not necessarily have the right to recover from the Conservancy what it has paid and will pay to defend Alcatraz. In other words, if the Conservancy had named Alcatraz as an additional insured on the Chubb policy, Alcatraz/AIG has not established that Chubb, rather than AIG, would have had to cover Alcatraz's loss given that each party would have been contractually bound to cover the loss. *See Interstate Fire*, 182 Cal. App. 4th at 32 ("[S]ubrogation may not be obtained even as to contractual indemnity claims unless the insurer is in an equitable position superior to that of the defendant.").

*Interstate Fire* does not support Alcatraz's motion for summary judgment. There the court merely held that the insurer could state a claim for equitable subrogation based on the defendant's breach of contract because the insurer had sufficiently alleged that it was in a superior position to the defendant. *Id.* at 37-42. This holding was based, in part, on the insurer's allegation that the defendant caused the loss due to its own negligence. *Id.* at 39 (Stating that the defendant "is not only alleged to be liable for the loss under a contractual provision, it is also alleged to have caused the loss."). As explained above, Alcatraz has not established as a matter of law that the Conservancy's wrongdoing caused the accident that led to its, or more precisely AIG's, loss.

Alcatraz appears to insist that because the Conservancy was involved in the accident that led to its loss (because the tram driver was employed by the Conservancy) Alcatraz is in the superior position. The cases cited do not support Alcatraz's position. None holds that merely being involved with an accident, as opposed to at fault, makes a defendant liable to the insurer. Thus, even though it is undisputed that the Conservancy breached its contract with Alcatraz, summary judgment must be denied. Alcatraz has not established as a matter of law that it/AIG is in a superior equitable position to the Conservancy. The most the Court could say is that the Conservancy is liable to AIG to the extent the amounts paid by AIG on Alcatraz's behalf would have been covered by the Chubb policy *and* Alcatraz is determined to be in an equitably superior position to the Conservancy. But on this record Alcatraz has not established either of those issues in its favor as a matter of law. Alcatraz's motion must therefore be denied.

The Court is not denying Alcatraz's motion because of the VSA's indemnity provisions. The Conservancy's pending indemnification claim arises from Alcatraz's obligation under the VSA's

1  indemnity clause.  (VSA ¶ 4.2, Dkt. No. 84-2 at 5.)  Alcatraz's breach of contract claim arises from
2  the Conservancy's breach of the VSA's insurance clause.  (VSA ¶ 4.3, Dkt. No. 84-2 at 6.)  These are
3  separate, independent clauses within the contract and do not limit or cancel one another.  *See Shell*
4  *Oil Co. v. Nat'l Union Fire Ins. Co.*, 44 Cal. App. 4th 1633, 1641 (1996) (contract's indemnity
5  provision did not limit the scope of the contract's separate insurance provision); *Chevron U.S.A., Inc.*
6  *v. Bragg Crane & Rigging Co.*, 180 Cal. App. 3d 639, 642 (1986) (contract's indemnity provision,
7  which did not cover acts of sole negligence, did not limit that scope of a separate insurance provision,
8  which did not contain any similar limitations); *Price v. Zim Israel Navigation Co., Ltd.*, 616 F.2d 422,
9  426 (9th Cir. 1980) (contract's separate indemnity and insurance provisions provided mutually
10 satisfactory means of resolving claims).

**CONCLUSION**

For the reasons stated, the Court DENIES Cross-Claimant's renewed motion for summary adjudication without prejudice.

IT IS SO ORDERED.

Dated: February 25, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

7