UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SCOTT GUIDRY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOLDEN GATE NATIONAL PARKS CONSERVANCY, et al.,<br><br>    Defendants. | Case No. 12-cv-05639-JSC<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 124 |

Now pending before the Court is Plaintiffs Brian Scott Guidry and Peggy Kuykendall's motion to remand. Plaintiffs assert that this case should be remanded to state court in light of the recent dismissal of the United States of America as a party. After carefully considering the parties' submissions, and having had the benefit of oral argument on October 9, 2014, the Court DENIES the motion.

**BACKGROUND**

In the summer of 2011, Plaintiffs were injured while riding on a tram on Alcatraz Island. (*See* Dkt. No. 1.) Plaintiffs subsequently filed the present lawsuit in this Court, alleging negligence and premises liability claims against the United States of America, Defendant Golden Gate National Parks Conservancy ("the Conservancy"), and Defendant Alcatraz Cruises, LLC ("Alcatraz").[1] Alcatraz and the Conservancy also alleged cross-claims against each other for breach of contract and equitable indemnity. The Conservancy would later amend its cross-claims against Alcatraz to allege claims for strict products liability and negligence. A year after this litigation commenced, Alcatraz was granted leave to file a third-party complaint against Marshall

---

[1] Plaintiffs also initially sued the driver of the tram, but later dismissed claims against him without prejudice.

Yacht Design Inc. and Doug Frolich.  Plaintiffs immediately filed an amended complaint against Alcatraz and the new third-party defendants.  In addition, Alcatraz's insurers, AIG and National Union Fire Insurance Co., filed a declaratory relief and subrogated indemnity action against the Conservancy.  *See* N.D. Cal. Civ. Case No. 13-5568.  That action has been related to this case.

The parties—though not Plaintiffs—have engaged in significant motion practice for a substantial portion of the last year.  The Court has heard oral argument and issued written opinions concerning two motions for summary judgment and one motion to dismiss in this case (*see* Dkt. Nos. 65, 97, 101), as well as one motion to dismiss in the related case (*see* Case No. 13-5568, Dkt. No. 31).

In September 2014, the Court granted Plaintiffs and United States of America's stipulation of dismissal, and dismissed the government from this case with prejudice.  The pending motion to remand followed.

**DISCUSSION**

As an initial matter, the Court DENIES Plaintiff's motion to remand since the Court cannot remand a case that was never initially in state court.  *See Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 428 (2010) ("[F]ederal tribunals lack authority to remand to the state court system an action initiated in federal court."); *see also Albers v. PMP Access Fund Manager, LLC*, 2010 WL 2486369, at *3 n.2 (N.D. Cal. June 16, 2010) ("A federal court cannot remand an action originally filed in federal court[;] the only available remedy is dismissal."); *Christie v. Abdo*, 2012 WL 1768094, at *1 (D. Ariz. May 17, 2012) ("There is no federal statute or rule which authorizes a district court to remand or transfer a case to a state court if the action was originally filed in district court and the district is without subject-matter jurisdiction to decide the case.").  The Court accordingly construes Plaintiffs' motion as seeking dismissal of the action in the alternative.

Plaintiffs argue that the Court should decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss this case because the Court has already dismissed the federal claim that formed the basis for federal court jurisdiction.  28 U.S.C. § 1367 governs the exercise of supplemental jurisdiction over state law claims in a suit involving federal claims.  In general, when district courts have original jurisdiction over one or more claims in civil actions,

1  "the district courts shall have supplemental jurisdiction over all other claims that are so related to

2  claims in the action within such original jurisdiction that they form part of the same case or

3  controversy." 28 U.S.C. § 1367(a).

4        A court "may decline" to exercise supplemental jurisdiction over a claim that meets the

5  "same case or controversy" test if (1) the claim raises a novel or complex issue of state law; (2) the

6  claim substantially predominates over the claim or claims over which the district court has original

7  jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or

8  (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28

9  U.S.C. § 1367(c). "A district court's decision whether to exercise that jurisdiction after dismissing

10  every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc.*

11  *v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). This is a "doctrine of flexibility, designed to allow

12  courts to deal with cases involving pendent claims in the manner that most sensibly accommodates

13  a range of concerns and values." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

14  "The court must weigh 'considerations of judicial economy, convenience and fairness to the

15  litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state

16  claims.'" *Hoeck v. City of Portland*, 57 F.3d 781, 785 (9th Cir. 1995) (quoting *United Mine*

17  *Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

18        Given the significant judicial resources that have already been expended in this case, and

19  the possibility of prejudice to the Defendants, the Court declines to dismiss the remaining state

20  law claims for negligence and products liability. As explained above, the Court has heard oral

21  argument and issued written opinions concerning two motions for summary judgment and one

22  motion to dismiss in this case (*see* Dkt. Nos. 65, 97, 101), as well as one motion to dismiss in the

23  related case (*see* Case No. 13-5568, Dkt. No. 31). If the Court were to dismiss the action, there is

24  a likelihood that the issues will have to be briefed and decided anew since collateral estoppel

25  would be inapplicable to rulings that are not "final judgments." *See Lumpkin v. Jordan*,

26  49 Cal. App. 4th 1223, 1229-30 (1996). Such a rehashing would not only waste judicial resources,

27  but also cause considerable prejudice to Defendants who have already spent time and resources

28  litigating these issues in Plaintiffs' chosen forum. In addition, the trial date in this case is in May

2015; if the Court were to dismiss the action, the parties new trial date in any re-filed state-court action would likely not be until a lengthy time after May 2015.  The Court is cognizant of the negative consequences such a delay may pose to Defendants in this action as well as the Conservancy in the related action.  Finally, both Plaintiffs and Defendants have completed a non-insignificant amount of discovery; for example, the parties have requested, and responded to, discovery; Defendants have conducted an independent psychological examination of Mr. Guidry; all the parties and their retained experts conducted an inspection of the tram and the accident cite on Alcatraz Island; and both plaintiffs have been deposed.  Defendants should not be forced to start the discovery process over because Plaintiffs—two years after filing suit—concluded that they had no claim against the United States.

Other factors, such as convenience and comity, also do not persuade the Court that it should exercise its discretion in Plaintiffs' favor.  Plaintiffs state that if the Court dismisses their state-law claims, they would re-file those claims in San Francisco County Superior Court.  Because both this Court and the state court in San Francisco are only a short walk apart, there is no geographic convenience to being in state court.  There may, however, be some degree of convenience in having a federal forum in light of the centrality of Alcatraz Island—a national recreation area—to this case.  Federal witnesses, as well as other federal officials that may be called on to assist in this case, may find it more convenient to participate if this case remains in federal court.  Finally, comity does not compel dismissal given the straight-forward nature of Plaintiffs' claims; this Court, and a federal jury, are well-equipped to adjudicate and decide this personal injury suit occurring on federal property.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion to remand or, alternatively, to dismiss is DENIED.

**IT IS SO ORDERED**.

Dated: October 21, 2014

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4